DeForest C. Pitt, J.
By this article 78 proceeding the petitioner seeks a judgment directing the respondent, Arthur Levitt, State Comptroller, to accept her application for accidental disability retirement benefits under section 63 of the Retirement and Social Security Law. The application was disapproved by the respondent for the reason that he felt it was not timely filed. In issue is paragraph 3 of subdivision a of section 63 of the Retirement and Social Security Law, which in part requires that the subject application be filed, 11 not later than two years after the member is first discontinued from service ”.
It appears that the petitioner was disabled to perform her duties as a laundress in the .St. Lawrence State Hospital by reason of injuries sustained in an accident which occurred in the performance of her duties on April 17, 1967. After the exhaustion of her accrued leave credits the petitioner was granted leave without pay commencing August 31, 1967, which leave of absence expired October 18, 1968. The respondent, interpreting the above-noted statute, has ruled that the petitioner’s application was barred for the reason that it was not filed within two years of August 31, 1967, the date the petitioner was granted leave without pay. The petitioner urges that the two-year period should be computed from October 18,1968, the date her leave of absence expired.
The court is persuaded to the conclusion that the respondent has erred in his interpretation of the noted statute. The Legislature has by many sections of the Civil Service Law indicated that in other instances leaves of absence are not to be considered as interruptions of continuous service. (See § 130, subd. 3, par. [e]; § 52, subd. 3; § 80, subd. 2.) The respondent’s determination in this instance then appears to produce an inconsistent result. Moreover, the interpretation of the respondent would require the petitioner to reach a decision as to premature retirement notwithstanding the fact that she could request re-employment upon finding her disability not to be permanent. The petitioner, in short, under the respondent’s determination enjoyed a continuous service status for one purpose, but not for another. Such reasoning cannot be sustained.
Accordingly, petitioner may submit judgment for the relief prayed for.